UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISON

| | |
|---|---|
| COLEEN LOVAS § § § **Plaintiff,** § v. § § DXC TECHNOLOGY COMPANY, INC., § HEWLETT PACKARD ENTERPRISE § COMPANY, INC., AND HEWLETT § PACKARD COMPANY, INC., § § **Defendants** | CIVIL ACTION NO. 4:22-cv-39 JURY TRIAL DEMAND |

## COMPLAINT

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to an employee or employees of the opposite sex, and to collect back wages due as a result of such unlawful payments. As alleged with greater particularity below, the Plaintiff, Coleen Lovas ("Plaintiff" or "Ms. Lovas") alleges that Defendants, DXC Technology Company, Inc., Hewlett Packard Enterprise Company, Inc. and Hewlett Packard Company, Inc. ("Defendants"), discriminated against Plaintiff by engaging in unlawful compensation discrimination by paying Ms. Lovas a lower wage than that paid to her male counterparts for performing equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the

ORIGINAL COMPLAINT

Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216 (b), (c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman Division.

## PARTIES

3. Plaintiff, Coleen Lovas, is authorized to bring this action by Sections 16(b), (c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendants have acted as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5. At all relevant times, Defendants have continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), have continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise with employees .

6.   At all relevant times, Defendants have been federal contractors as defined by the Department of Labor, Office of Federal Contract Compliance (OFCCP).  41-CFR 60-1.3.

## STATEMENT OF CLAIMS

7.     Defendants violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Plaintiff lower wages and/or compensation than has been paid to her male colleagues for performing equal work on jobs the performance of which requires equal skill, effort and responsibility and are performed under similar working conditions ("equal work").

(a) Plaintiff Coleen Lovas worked for Hewlett Packard Company, Inc., starting in July 1995. In or about 2015, Hewlett Packard Company Inc. split off her division, and Ms. Lovas began working for HP Enterprise, Inc. After DXC Technologies Company, Inc. (DXC) took over the operations of her division, she remained working at DXC until October 15, 2021, when she was compelled to resign due to the pay disparity between her and her male colleagues.

(b) Ms. Lovas worked in the Presales Consultant role starting in the end of 2007. Her job titles included Solution Architect, Solution Designer and Offering Solution Architect. During the latest period of her employment, her job title was Service Line Architect. All of these job titles are included within the role of Presales Consultant.

(c) Ms. Lovas had been in a People Manager position at Hewlett Packard Company, Inc. from approximately 2001 to 2005 managing a group of employees. In this role, she became aware of disparities in compensation between male and female employees, including herself. She became aware of male employees who reported to her earning tens of thousands of dollars more than she was being paid.

(d) In March 2013, the U.S. Department of Labor's Office of Federal Contract Compliance (OFCCP) commenced a compliance evaluation of Hewlett Packard Company, Inc. The OFCCP alleged that DXC, which had voluntarily assumed responsibility for the OFCCP's evaluation, had

been in violation of Executive Order 11246 since November 2012 because they were paying certain female employees in Finance, Opportunity Consultants, Presale Consultants and Service Segment Management less than comparable males at Ms. Lovas' work location. As a Presale Consultant, Ms. Lovas was within the category of female employees who the OFCCP analyzed for illegal pay disparity based upon their sex.

(e) In or around November 2020, the OFCCP reached a Conciliation Agreement with DXC Technology Company, Inc. to resolve alleged violations of pay discrimination based on sex. Plaintiff did not elect to receive a monetary award under that Conciliation Agreement.

(f) On or about December 2020-January 2021, Plaintiff became aware that a former male comparator with less experience than her performing equal work had been earning over $20,000 more per year than herself.

(g) In or about November of 2021, Ms. Lovas became aware that another male comparator who performed equal work was earning $15,000 more per year in his job with Defendants than she had been paid.

(h) Defendants prohibit employees from disclosing or discussing their bonuses or compensation with co-workers. This prohibition violates an Executive Order in effect since 2014 and codified in federal regulations in 2016. The regulation specifically ensures that all employees of federal contractors such as Defendants be allowed to share salary information without recrimination. 41 C.F.R. Part 60-1.

(i) Plaintiff had an exemplary career during her 26 years as an employee of Defendants. She received the highest-level performance scores of 1 and 2 on all appraisals. Each year, she met all of her performance goals.

8. As a result of the acts complained of above, Defendants have unlawfully withheld the payment of wages which are due to Ms. Lovas for the position held and the work that she has performed.

9. The unlawful practices complained of in paragraphs 7 and 8 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff quests that this Court:

A. Grant a permanent injunction enjoining the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work.

B. Order Defendants to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women and which eradicate the effects past and present unlawful employment practices.

C. Grant a judgment requiring Defendants to make whole Plaintiff by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and an equal sum as liquidated damages as a result of the acts complained of above.

D. Grant a judgment requiring Defendants to make whole Plaintiff by providing other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

E. Grant such further relief as this Court deems necessary and proper in the public interest.

F. Award the Plaintiff her reasonable attorneys' fees and costs associated with this action.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

Dated: January 19, 2022

Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Toby W. Costas
Texas State Bar No. 04855720
tcostas@equalrights.law
Ellwanger Law LLLP
400 S. Zang Blvd., Suite 600
Dallas, TX  75208
Telephone: (737) 808-2260
Facsimile: (737) 808-2262